**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 10, 2009

Charles R. Fulbruge III
Clerk

No. 07-70011

DANIELLE SIMPSON

Petitioner - Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent - Appellee

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:04-CV-485

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Danielle Simpson was convicted by a Texas jury and sentenced to death for the capital murder of Geraldine Davidson in 2000. His conviction and sentence were affirmed on direct appeal, and the Supreme Court denied certiorari. *Simpson v. State*, 119 S.W.3d 262 (Tex. Crim. App. 2003), *cert. denied*, 542 U.S. 905 (2004). After exhausting his state habeas remedies, Simpson sought federal habeas relief. The district court granted a certificate of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appealability for Simpson's claim that the district court erred by denying him an evidentiary hearing on his claim that he is mentally retarded and thus ineligible for execution under *Atkins v. Virginia*, 536 U.S. 304 (2002). Simpson requested from this court an expansion of the COA for three additional claims.

On August 29, 2008, we remanded the case to the district court for an evidentiary hearing on Simpson's *Atkins* claim, and held in abeyance our consideration of Simpson's request for an expansion of the COA. On remand, the district court conducted an evidentiary hearing and found that Simpson is not mentally retarded. The case was re-submitted to this court on February 3, 2009.

On March 9, 2009, Simpson filed a motion to remand for a hearing, in accordance with *Mata v. Johnson*, 210 F.3d 324 (5th Cir. 2000), on his request to waive habeas review and proceed with execution. In the motion, Simpson's court-appointed counsel stated that while Simpson's intellectual capabilities are limited, he understands that if he waives his appeal he will soon be executed. Counsel expressed a belief that Simpson is competent, although mentally retarded. Counsel stated that, given that Simpson has spent eight years confined in a small cell, his request to be executed is not unreasonable. In a handwritten statement attached to the motion, Simpson explained his reasons for wanting to drop his appeal:

> I'm tired of being in a institution that's unjust, degrading, and corrupted – whereas on the other hand, I'm tired of struggling to survive in a system that's highly injustices. "I'm ready to die"!! If I can't be free – "<u>Kill Me</u>".!!

The State does not oppose Simpson's motion.

The evidence before the district court is sufficient to raise a bona fide issue as to Simpson's competence to waive federal habeas review. *See Mata*, 210 F.3d at 331. Accordingly, we REMAND the case to the district court for the limited purpose of conducting an evidentiary hearing in accordance with *Mata*,

to determine whether Simpson is competent to waive federal habeas review and whether his decision to do so is knowing and voluntary. Simpson's request for an expanded COA to appeal the denial of habeas relief remains on the docket of this court and will be held in abeyance pending a ruling by the district court following the *Mata* hearing. If the district court finds that Simpson is competent to waive his right to habeas review, and that his decision to do so is knowing and voluntary, we will then entertain a motion from him to dismiss his COA request.

This case is REMANDED to the district court for this limited purpose as stated above.